```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Scott Normand McCarthy

    v.                                  Civil No. 22-cv-143-LM

Town of Exeter, et al.

### Report and Recommendation

Proceeding pro se and in forma pauperis, Scott N. McCarthy brings civil rights claims under 42 U.S.C. § 1983 that arose from his arrest and prosecution by officers in the Exeter (New Hampshire) Police Department.  He contends that he was wrongfully arrested and prosecuted on six felony charges, beginning in 2011 and continuing into 2019.  The complaint and amended complaint are referred for preliminary review pursuant to 28 U.S.C. § 1915(e) and Local Rule 4.3(d)(2).

### Standard of Review

The court conducts a preliminary review of complaints filed by pro se litigants proceeding in forma pauperis.  Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See § 1915(e)(2); LR 4.3(d)(2).  In considering whether a pro se complaint states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per

curiam). The court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background

McCarthy alleges that he has been detained on charges by officers in the Exeter Police Department on many occasions beginning in 2011. He names the Town of Exeter, Exeter Police Chiefs Stephan Poulin and William Shupe, Prosecutor Nicole Mazur,and Exeter police officers Bailey Teixeira, Michael Ingenito, Peter Sankowich, Joseph Saluto, Justin Ranauro, Michael Munk as defendants.

In support of his claims, McCarthy alleges that he was wrongfully arrested and prosecuted on six felony charges beginning in February of 2011. McCarthy states that his police report is 279 pages long and includes many other charges and arrests.

On February 15, 2011, he was arrested on two counts of check forgery when he deposited checks in his own account that were issued by Exeter Day Care payable to All Phase Construction. The matter came to the attention of the police when an issue arose about taxes owed by All Phase Construction

on the amounts paid in the checks. Those charges were nolle prossed in August of 2012.

In October of 2011, McCarthy was arrested on two charges for issuing a check to his landlord without sufficient funds in his account. McCarthy alleges that the check was actually written by his brother, Shawn, from his brother's account. He also alleges that he made good on that debt by paying in cash but could not find the receipt. McCarthy further alleges that he made an agreement with his landlord pertaining to moving from the property and repaying rent, which lead to charges against McCarthy for witness tampering. He contends that the charges were the result of confusion by the police about the separate actions of McCarthy and his brother, inept investigation, or confusion about another Scott McCarthy who was arrested in Manchester on sex charges. The check charges and witness tampering charge were dropped by August of 2012.

Another charge brought by the defendants against McCarthy was the result of McCarthy's efforts to buy and finance a house and property. McCarthy rented part of the property to a tenant, although his ownership was disputed. The tenant and the owner of the property filed police reports against McCarthy, and he was arrested on November 16, 2018, for theft by deception. McCarthy alleges that the police dropped that charge on April 23, 2019.

**Discussion**

McCarthy contends that the defendants unlawfully seized, detained, and arrested him in violation of the Fourteenth Amendment. He also contends that the defendants violated his civil rights under 18 U.S.C. §§ 241 and 242, NH RSA 644:11, and the First Amendment. He seeks compensatory and punitive damages.

A. Claim of Unlawful Seizure under the Fourteenth Amendment

"To be cognizable, a [Fourteenth Amendment] substantive due process claim under 42 U.S.C. § 1983 must allege facts so extreme and egregious as to shock the contemporary conscience." Abdisamad v. City of Lewiston, 960 F.3d 56, 59-60 (1st Cir. 2020) (internal quotation marks omitted). The substantive due process clause of the Fourteenth Amendment does not provide a constitutional right to be free of malicious prosecution.[1] Freeman v. Town of Hudson, 714 F.3d 29, 41 (1st Cir. 2013).

---

[1] In contrast, allegations that a plaintiff has been charged, arrested, and prosecuted without probable cause pertain to a violation of the plaintiff's Fourth Amendment rights, as a claim for unreasonable seizure pursuant to legal process. See Thompson v. Clark, 142 S. Ct. 1332, 1337-38 (2022).

McCarthy's allegations at most may suggest malicious prosecution. As such, the allegations do not rise to the level of a substantive due process claim. Therefore, McCarthy has not stated a cognizable cause of action under the Fourteenth Amendment, and his claims brought under the Fourteenth Amendment should be dismissed.

B.  Claims under Sections 241 and 242

McCarthy alleges that the defendants conspired to violate his civil rights in violation of §§ 241 and 242. Sections 241 and 242 are criminal conspiracy statutes that do not allow for a private cause of action. See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983)."); accord Kahyaoglu v. Sayied, No. 19-CV-11736-IT, 2020 WL 5880523, at *2 (D. Mass. Oct. 2, 2020). For that reason, McCarthy's claims under §§ 241 and 242 should be dismissed for failure to state a cognizable cause of action.

C.  Claims of Violation of NH RSA 644:11

NH RSA 644:11 is New Hampshire's criminal defamation statute. No private right of action has been recognized under NH RSA 644:11. See Maggi v. McComiskey, 17-cv-109-SM, 2017 WL

5

4803908, at *3 (D.N.H. Oct. 23, 2017) (limited on other grounds by 2019 WL 11071788 (1st Cur, Feb, 29, 2019)). Therefore, McCarthy's claims that the defendants violated NH RSA 644:11 should be dismissed for failure to state a cognizable cause of action.

    D.   Claims under the First Amendment

The First Amendment protects certain expressive rights including freedom of speech, assembly, exercise of religion, and redress of grievances. See U.S. Const. amend. I; see also City of Dalas v. Stanglin, 490 U.S. 19, 24 (1989). None of McCarthy's allegations implicate his First Amendment rights. He provides no supporting explanation for that claim.

Therefore, McCarthy has not alleged a claim that the defendants violated his First Amendment rights, and any claims under the First Amendment should be dismissed.

## Conclusion

For the foregoing reasons, the district court should dismiss the plaintiff's complaint (Doc. no. 1) and amended complaint (Doc. no. 3) for failure to state a cognizable cause of action and close the case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed.

6

R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                            _/s/ Andrea K. Johnstone_
                                            Andrea K. Johnstone
                                            United States Magistrate Judge

June 7, 2022

cc:   Scott Normand McCarthy, pro se.